```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

BOBBY CHEN,                         :

      Plaintiff,                    :

v.                                  :
                                          Civil Action No. GLR-11-3227
MAYOR & CITY COUNCIL OF             :
BALTIMORE, et al.,
                                    :
      Defendants.
                                    :
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Mayor and City Council of Baltimore ("City") and individually named City Employees' ("City Employees") (collectively the "Defendants") Motion to Vacate Grant of Extension of Time to Effect Service of Process and to Dismiss the Complaint or, in the Alternative, to Dismiss the Complaint for Insufficient Service of Process. (ECF No. 14). Specifically, Defendants seek to dismiss counts I, II, IV, and V of Plaintiff Bobby Chen's Complaint. Also pending before the Court is Mr. Chen's Motion for Leave to File Surreply to Defendants' Reply. (ECF No. 19).

This case concerns Mr. Chen's allegations that the Defendants negligently, and in violation of the Due Process clause of the United States Constitution, deprived him of his property by razing his building in order to conceal damage caused by City Employees. At its core, however, this case represents yet another chapter in the seemingly never-ending

saga concerning whether, in this circuit, a showing of good cause is required to extend the time for service beyond 120 days.

The issues before the Court are (1) whether the court erred in granting Mr. Chen a sixty-day time extension to effect service of process without requiring a showing of good cause, (2) whether, in the alternative, the Court should grant Defendants' Motion to Dismiss counts II and V of the Complaint against the City Employees due to insufficient service of process, and (3) whether Mr. Chen was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion.

The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). Because Mr. Chen failed to make a showing of good cause in his request to extend the time for service beyond 120 days, the Court will grant Defendants' Motion to Vacate Grant of Extension of Time to Effect Service of Process and to Dismiss the Complaint. Mr. Chen's Motion for Leave to File Surreply will also be denied because Mr. Chen was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion. Moreover, his Motion betrays his intentions to merely regurgitate old arguments.

I. BACKGROUND[1]

A. Factual Background

Mr. Chen is the owner of a residential real property known as 1620 East Chase Street (the "Property"). Mr. Chen alleges he was in the process of rehabilitating the Property when the City, City Employees, and the City's contractor, P&J Contracting Company, Inc. ("P&J"), negligently damaged the Property while razing the adjacent row-house at 1622 East Chase Street, which is owned by the City. According to Mr. Chen, instead of repairing the damage they caused, Defendants determined to conceal their negligence and raze the Property on the pretext that it was an unsafe structure.

B. Procedural Background

Mr. Chen, through legal counsel, first filed this action in 2009. See Chen v. Mayor & City Council of Balt. (Chen I), 1:09-cv-00047 (D.Md. Nov. 19, 2009). After granting Mr. Chen's attorneys' motion to withdraw on August 27, 2009, the Court granted Mr. Chen an extension to file a Rule 16 Conference Statement, and ordered that Mr. Chen submit a status report by September 28, 2009, noting whether he had retained new counsel.

---

[1] Unless otherwise noted, the following facts are taken from the Complaint and Defendants' Motion to Dismiss. As Defendants' arguments amount to a prototypical procedural challenge, the Court will not belabor the underlying factual background which gave rise to this cause of action. Nevertheless, to provide some context, the Court will delve into a brief recitation of the most salient details.

(Chen I, ECF Nos. 30, 33).  The Court also imposed a deadline of October 28, 2009, for Mr. Chen to retain counsel.  (Id.)  After a second request for extension of time, and because Mr. Chen had failed to inform the Court of a workable address for receipt of notices,[2] the Court denied the request and dismissed Chen I without prejudice on November 10, 2009.  (Chen I, ECF No. 40).

Mr. Chen filed this second action (Chen II) pro se on November 10, 2011, two days prior to what would have been three years from the date of the November 12, 2008 demolition of the Property.  (Chen II, ECF No. 1).  On November 28, 2011, the Court issued an Order directing the Clerk to prepare summonses and informed Mr. Chen in detail as to the manner in which service could be completed by references to the applicable federal and state rules.  (Chen II, ECF No. 5).  The Clerk's office mailed the Order and Summonses to Mr. Chen at the address he provided.  The mailings were not returned to the Clerk's office as undeliverable.

The 120-day period for service lapsed on March 9, 2012, and on March 22, 2012, the Court issued a Show-Cause Order to Mr. Chen, querying why the case should not be dismissed without

---

[2] Pursuant to Local Rule 101.1(b)(ii) (D.Md. 2011), Mr. Chen had a duty to "promptly notify the Clerk of any change of address, including e-mail address, irrespective of any changes noted on a pleading or other document."  Under the rule, this obligation is continuing, and the Court may enter an order dismissing any affirmative claims for relief and may enter a default judgment.

4

prejudice.  (Chen II, ECF No. 7).  Thereafter, on April 11, 2012, Mr. Chen sought an extension of time to effect service of process.  (Chen II, ECF No. 8).  In his memorandum, Mr. Chen provided three justifications for his failure to perform service: (1) he claimed he never received the Court's November 28, 2011 Order, or the Summonses; (2) he believed the U.S. Marshal's Office would make service on his behalf; and (3) the statute of limitations would bar his case if it was dismissed.  (Chen II, ECF No. 8 ¶¶ 2, 4, 6).  Persuaded by Mr. Chen's contentions, on April 16, 2012, the Court issued an Order granting Mr. Chen's request and provided a sixty-day extension to perform service.  (Chen II, ECF No. 9).  Mr. Chen was forewarned, however, that failure to effect service of process within the sixty-day extension would result in dismissal of his case without prejudice.  (Id.)

As evidenced by the record, Mr. Chen made no effort at service of the second Summons until on or about June 12, 2012, just three days prior to its expiration.  (See ECF No. 12).  As a result of this, and because Mr. Chen did not file any record with the Court evidencing the completion of service by June 12, 2012, the Court dismissed Chen II.[3]

Defendants now seek to have the case dismissed on grounds that the sixty-day extension requested on April 11, 2012 was

---

[3] Chen II was transferred from Judge Benson E. Legg on June 7, 2012.

improvidently granted, given Mr. Chen's failure to provide good cause for failing to perform service. Alternatively, Defendants contend that, at the very least, the Complaint should be dismissed against the City Employees due to insufficient service.

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 4(m) permits dismissal of an action without prejudice "[i]f a defendant is not served within 120 days after the complaint is filed . . . ."  The rule allows the court to either dismiss on motion or *sua sponte*, after notice to the plaintiff. Fed.R.Civ.P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

### B.  Analysis

#### 1.  The Status of the "Good Cause" Requirement Within this Circuit

The Court grants Defendants' Motion to Dismiss the Complaint because Mr. Chen failed to make a showing of good cause in his request for a sixty-day extension to perform service.

As a preliminary matter, Mr. Chen argues that Defendants' Motion to Dismiss is untimely because, pursuant to Local Rule 105.10 (D.Md. 2011), Defendants failed to seek reconsideration of the Court's April 16, 2012 Order, within fourteen days of

that Order.[4]  The Court will summarily dismiss this argument, however, because (1) Defendants did not have an opportunity to present their objection to Mr. Chen's request for extension since they were unquestionably not parties to this action during that time frame; and (2) it is well established that, where, as here, the issue of good cause has not had the benefit of adversarial briefing, a grant of an extension is provisional only, and a defendant retains the right to advance a challenge later.[5]

Beyond this preliminary contention, the parties disagree over a basic question: whether precedent established in Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995), remains good law. Defendants argue that the 120-day limit to effect service is an outer limit and that the district court has no discretion in allowing a time extension beyond that limit absent a showing of good cause.  Conversely, Mr. Chen maintains that subsequent case law from the United States Supreme Court, no less, and the United States Court of Appeals for the Fourth Circuit,

---

[4] Rule 105.10 states that "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order."

[5] See Omega U.S. Ins., Inc. v. Pa. Nat. Mut. Cas. Ins. Co., No. ELH-11-2297, 2012 WL 115422, at *5 (D.Md. Jan. 13, 2012) (collecting cases that implicitly support granting plaintiff's motion for extension, while reserving defendant's right to move to vacate the extension as improvidently granted); Hai Xu v. FMS Fin. Solutions, LLC, No. ELH-10-3196, 2011 WL 2144592, at *3 (D.Md. May 31, 2011) (same); Williams v. CompUSA, No. ELH-10-2219, 2011 WL 2118692, at *3 (D.Md. May 27, 2011) (same).

eviscerates the import and authority of Mendez.

In Mendez, the Fourth Circuit held that, under Federal Rule of Civil Procedure 4(m), a district court judge does not have discretion in allowing a time extension beyond the 120-day limit, absent a showing of good cause. Id. at 78-79. By so holding, the Mendez court contradicted every other circuit that had interpreted Rule 4(m) and relied on the erroneous assumption that Rule 4(m) was substantively the same rule as its predecessor, Rule 4(j)[6]. See Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524, 526 (D.Md. 1999) ("Among the circuit courts that have addressed this issue, the Fourth Circuit stands alone in holding that Rule 4(m) does not permit a district court to grant the plaintiff a discretionary extension of time to effect service of process."). This assumption, however, is expressly contradicted by the Advisory Committee's Notes to Rule 4(m), which state that:

> [t]he new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and *authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no*

---

[6] Prior to its replacement by Rule 4(m), Rule 4(j) provided that "if a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant . . . ." Fed.R.Civ.P. 4(j) (1988).

> *good cause shown.*

Id. at 527 (quoting Advisory Committee's Notes on 1993 Amendments to Fed.R.Civ.P. 4(m)(emphasis added)).

More significantly, the Supreme Court has had occasion to interpret Rule 4(m) since Mendez. In Henderson v. United States, citing to the Advisory Committee's Notes to the 1993 Amendment to Rule 4, the Supreme Court reasoned that Rule 4(m) permits the district courts to enlarge the time for service "even if there is no good cause shown." 517 U.S. 654, 662 (1996). Although this interpretation was not central to the court's holding in Henderson, some Fourth Circuit courts have viewed it as sufficiently persuasive to consider it authoritative. In refusing to follow Mendez, for example, the court in Hammad stated that:

> [i]n light of the Supreme Court's clear explication of the meaning of Rule 4(m) in Henderson to allow discretionary extensions of time for service of process, in conjunction with the other circuit courts' unanimous rejection of the Mendez court's position, this court concludes that Mendez is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court and the other circuit courts.

31 F.Supp.2d at 527; accord Melton v. Tyco Valves & Controls, Inc., 211 F.R.D. 288, 289-90 (D.Md. 2002); Coates v. Shalala, 914 F.Supp. 110, 113 (D.Md. 1996).

The district court's analysis is persuasive, to be sure. And in unpublished decisions since Mendez, the Fourth Circuit

has itself appeared to reverse course.[7] Yet, despite the apparent avalanche of cases within this circuit that question the validity of Mendez,[8] this Court's most recent decisions affirm the authority of Mendez. See Omega, 2012 WL 115422, at *5 n.2 ("To my knowledge, since Henderson, the Fourth Circuit has not revisited in a reported opinion the issue of good cause in regard to service of process."); Shlikas v. SLM Corp., No. WDQ-09-2806, 2011 WL 2118843, at *3 (D.Md. May 25, 2011) ("Because [plaintiff] has not shown good cause for his failure to effect proper service within the extended deadline, the court must dismiss the action.") (citations omitted); Tenenbaum v. PNC Bank Nat'l Ass'n, No. DKC-10-2215, 2011 WL 2038550, at *4 (D.Md. May 24, 2011) ("[W]hile Mendez may stand on shaky footing, it

---

[7] See, e.g., Hansan v. Fairfax Cnty. Sch. Bd., 405 F.App'x 793, 793-94 (4th Cir. 2010) ("The district court must extend the 120-day period if the plaintiff shows good cause for his failure to serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve." (citations omitted)); Giacomo-Tano v. Levine, No. 98-2060, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); Scruggs v. Spartanburg Reg'l Med. Ctr., No. 98-2364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) ("[W]e believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary.").

[8] See Tenenbaum v. PNC Bank Nat'l Ass'n, No. DKC-10-2215, 2011 WL 2038550, at *3 (D.Md. May 24, 2011) (collecting cases that argue the Fourth Circuit may have premised Mendez on an erroneous assumption that the 1993 amendment to Rule 4 left intact the requirement that a showing of good cause be made before granting an extension).

remains the law of this circuit."); Tann v. Fisher, 276 F.R.D. 190, 196 (D.Md. 2011) ("In recognition of the stare decisis nature of the Mendez, Shlikas, and Tenenbaum decisions, I conclude that, because plaintiff has not shown good cause for extending the deadline for effecting service of process, I must dismiss this case."). This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez.

### 1. The Nature of the "Good Cause" Requirement

Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.'" Hai Xu, 2011 WL 2144592, at *2 n.3 (quoting Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 659 (D.Md. 1986). Accordingly, the court may find good cause "where the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action.'" Tenenbaum, 2011 WL 2038550, at *4 (quoting Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.Va. 1992)).

Other notable examples recognized by this Court include instances where (1) the plaintiff experienced difficulty in

11

obtaining defendant's proper address; (2) the plaintiff was misdirected by court personnel as to proper procedure; or (3) a defect in the attempted service was not revealed by the defendant until after the time expired. Hoffman v. Balt. Police Dep't, 379 F.Supp.2d 778, 786 (D.Md. 2005). At bottom, "[t]he common thread amongst all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule." Tenenbaum, 2011 WL 2038550, at *4.

"Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." Hansan, 405 F.App'x at 794; see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Indeed, this Court has previously observed that "in [the] context of [a] motion to dismiss [a] pro se plaintiff's complaint, . . . 'a mistaken belief that service was proper does not constitute good cause' and 'neglect and inadvertence do not suffice'". Tann, 276 F.R.D. at 193 (quoting Jonas v. Citibank, 414 F.Supp.2d 411, 416 (S.D.N.Y. 2006)).

## 2. Mr. Chen's Purported Showing of Good Cause

Mr. Chen has now had two opportunities to show good cause for his late service (i.e., his response to the Court's Show Cause Order, and Defendants' Motion to Vacate and Dismiss). In all instances, he provides decidedly unpersuasive variations on the theme that fault does not rest with him: (1) he claims he never received the Court's November 28, 2011 Order, or the Summonses; (2) he believed the U.S. Marshal's Office would make service on his behalf; (3) he laments that the statute of limitations could bar the case if it is dismissed; (4) he argues that he worked hard to diligently prosecute this action; and (5) he contends that the Clerk's office provided him with incorrect information. (Chen II, ECF No. 8 ¶¶ 2, 4; Pl.'s Resp. to Mot. to Dismiss at 2-4, ECF No. 17). None of these reasons establish good cause.

Assuming that the U.S. Postal Service lost the mailing sent by the Clerk's office on November 28, 2011, Mr. Chen certainly had no basis to think that he could rest on his laurels while the time for performing service wasted away. To be sure, the rules demand otherwise. "The plaintiff is responsible for having the summonses and complaint served within the time allowed by Rule 4(m) . . . ." Fed.R.Civ.P. 4(c)(1). Moreover, notwithstanding the outside interference, courts require that a

plaintiff be otherwise diligent.  Tenenbaum, 2011 WL 2038550, at *4.

Here, Mr. Chen's actions speak louder than his words.  Chen I was dismissed on November 10, 2009, for failure to provide the Court with an accurate mailing address.  (Chen I, ECF No. 40). Two years later, Mr. Chen filed his second action on November 10, 2011.  In weighing whether Mr. Chen was otherwise diligent, it is certainly relevant that Chen II was filed just two days prior to what would have been the running of the statute of limitations on November 12, 2011.  Similarly, Mr. Chen concedes that he made no efforts to serve the first Summons and indeed made no efforts to even inquire as to the status of the case until late March 2012, after the Summons had already expired. To be sure, only after Chen II had been dismissed did Mr. Chen provide the court with notice that the Defendants had been served on June 12 and 13, 2012.  One would expect a conscientious party to file a motion for extension of time for service before the 120-day period expired.  Mr. Chen did not. Thus, Mr. Chen's actions do not suggest that he was acting with the requisite degree of diligence.

Mr. Chen's mistaken belief that the U.S. Marshal would perform service is likewise inadequate to satisfy the good cause requirement.  As noted above, a plaintiff's pro se status, neglect, inadvertence, or ignorance are impotent to show good

14

cause.  Indeed there is nothing in the record to support Mr. Chen's claim that he ever made a request that the U.S. Marshal perform service.

Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed.R.Civ.P. 4(c)(3).  Rule 7(b) provides that a request for order must be by motion, which must be in writing, and state the nature of the relief and specific ground for making the request.  Fed.R.Civ.P. 7(b).  Consequently, two things needed to happen before Mr. Chen could expect service to be performed by a U.S. Marshal: (1) a written request for an order from the Court; and (2) an order granting Mr. Chen's request that the U.S. Marshal serve process.  There is simply no evidence that any of these steps occurred.

Mr. Chen's attempt to deflect blame on the Clerk's office for his lack of service is also without merit.  In particular, Mr. Chen states that after he received the Court's March 22, 2012 Show-Cause Order with regard to the failure to serve process, he contacted the Clerk's office on March 26, 2012, and attempted to obtain the original Summons so that he could serve the City Employees the following day on March 27, 2012.  Mr. Chen argues that he was still within the 120-day deadline at this time and contends that the clerk he spoke with misadvised

15

that he would need to request reissuance of the Summons. (Pl.'s Resp. at 3).

Mr. Chen's argument is fatally flawed, however, because he is measuring the 120-days from the date the Summons was issued on November 28, 2011. Rule 4(m) makes clear that the 120-day period is measured from the filing of the complaint. Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days *after the complaint is filed* . . . .") (emphasis added). Mr. Chen filed the present action on November 10, 2011. The Summonses were not issued until November 29, 2012, because Mr. Chen failed to pay the filing fee until November 21, 2011. (Chen II, ECF No. 4). By March 26, 2012, the 120-day deadline had already lapsed. Thus, assuming the Clerk's office provided the advice Mr. Chen maintains it did, the advice was accurate.

Finally, "[t]he good cause inquiry . . . implicates the reason for failure to effect service, not the severity of the consequences." Tenenbaum, 2011 WL 2038550, at *5 (quoting Pellegrin & Levine, Chartered v. Antoine, 961 F.2d 277, 283 (D.C. Cir. 1992)). Accordingly, "it is of no moment that the statute of limitations may pose a barrier to a new complaint . . . ." Tenenbaum, 2011 WL 2038550, at *5; see also Mendez, 45 F.3d at 78 (noting that a dismissal without prejudice does not permit a plaintiff "to refile without the consequence of time defenses, such as the statute of limitations."); T & S Rentals

16

v. United States, 164 F.R.D. 422, 426 (N.D.W.Va. 1996) (reasoning that "as long as the refilling of the claim eventually became time-barred, [plaintiffs] would always have 'good cause' for an extension.").

Because it is clear that Mr. Chen failed to show any good cause regarding his failure to effect service of process within the allowable time limit of 120 days, the Court grants Defendants' Motion to Vacate the April 16, 2012 Order, which granted Mr. Chen a sixty-day extension, and dismisses the case against all parties.[9]

   **3.   Motion for Leave to File Surreply**

The Court denies Mr. Chen's Motion for Leave to File Surreply because he was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion.

Unless otherwise ordered by the court, surreply memoranda are not permitted to be filed. See Local Rule 105.2(a) (D.Md. 2011). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." Khoury v. Meserve,

---

[9] Having disposed of Defendants' Motion on the basis of their first argument, the Court will decline to consider their second basis for dismissal. Additionally, although Defendant P&J was not a party to this Motion, the Court finds that the improvidently granted extension permitted Mr. Chen to execute service on P&J. Accordingly, as provided in Federal Rule of Civil Procedure 4(m), the Court must and will, on its own, after notice to Mr. Chen, dismiss this action without prejudice as to P&J as well.

268 F.Supp.2d 600, 605 (D.Md. 2003) (citations omitted), aff'd, 85 F.App'x 960 (4th Cir. 2004).

In the Reply to Mr. Chen's Response to the Motion to Dismiss (ECF No. 18), Defendants merely respond to Mr. Chen's myriad justifications as to why good cause exists and the City Employees were properly served.  In the Court's judgment, at no time did Defendants use the Reply to advance new arguments in support of their two primary contentions.  Conversely, Mr. Chen's Motion for Leave to File Surreply rehashes arguments previously propounded in his Response to the Motion to Dismiss.

Thus, because Mr. Chen was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion, and because his Motion betrays his intentions to merely regurgitate old arguments, the Court hereby denies Mr. Chen's Motion for Leave to File Surreply.  See Interphase Garment Solutions, LLC v. Fox Television Stations, Inc., 566 F.Supp.2d 460, 466 (D.Md. 2008) (denying motion for leave to file surreply where proposed surreply merely rebutted previously briefed matters).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT Defendants' Motion to Vacate Grant of Extension of Time to Effect Service of Process and to Dismiss the Complaint (ECF No. 14) and DENY Mr. Chen's Motion for Leave to File Surreply (ECF No. 19).

Entered this 22nd day of February, 2013

      /s/
_____
George L. Russell, III
United States District Judge